## CITIZENS' COAL & SUPPLY CO. v. CUSTARD.

(Circuit Court of Appeals, Fourth Circuit. July 19, 1917.)

### No. 1539.

1. BANKRUPTCY ⚍140(1)—PROPERTY—PASSING OF TITLE.

   Representation of purchaser in contract of sale of cement that it would be used in construction of a certain building which he had contracted to build is, at most, a promise the breaking of which by reason of his becoming bankrupt did not affect title to such cement as was delivered, which therewith passed to him, and thereafter vested in the trustee in bankruptcy.

2. SALES ⚍474(2)—CONDITIONAL SALES—EFFECT AS TO BUYER'S CREDITORS—RECORDING.

   By provision of Code 1913 West Va. c. 74, § 3 (sec. 3831), to entitle seller of personalty delivered to purchaser to benefit of reservation of title till price is paid as against buyer's creditors, the contract must be recorded.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Bluefield.

Proceeding in bankruptcy by the Citizens' Coal & Supply Company against J. H. Custard, trustee of the Bluestone Construction Company, bankrupt, to reclaim property sold by said Company to bankrupt. From a judgment confirming decision of the referee in bankruptcy in favor of the trustee, the seller appeals. Affirmed.

Russell S. Ritz, of Bluefield, W. Va., for appellant.

W. E. Ross, of Bluefield, W. Va., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. In October, 1916, the parties named therein made this contract:

"Citizens' Coal & Supply Company, of Bluefield, W. Va., hereinafter called the seller, sells, and Bluestone Construction Company, of Bluefield, W. Va.

hereinafter called the purchaser, purchases, Lehigh Portland cement on the following terms and condition:

"The purchaser does hereby represent to the seller that twelve hundred (1,200) barrels of cement are to be used in the construction of State Normal School building, Short Creek, W. Va., for which construction the purchaser has contract, and that he hereby purchases twelve hundred (1,200) barrels of Lehigh Portland cement from the seller for use in such work, and that no portion thereof will be used for any other purposes. * * *

"If the purchaser shall fail to comply with any of the terms, conditions, or limitations of this contract, or if any of the purchaser's representations herein are untrue, the seller may cancel this contract or any portion thereof, or any other order given to the seller by the purchaser, and such cancellation shall in no wise release the purchaser from unpaid accounts or from liability to said seller at the contract price for cement delivered prior to such cancellation."

Other provisions, not in dispute, relate to price, terms of payment, time and place of delivery, and the like.

Under this contract two carloads of cement were delivered, one in December, 1916, the other in January, 1917, and the purchaser stored the same on the premises where the school building was to be erected. On February 10, 1917, the purchaser, Bluestone Construction Company, was adjudicated bankrupt on its own petition, and a few days later Custard, the appellee, was appointed and qualified as trustee. At that time little or nothing had been done towards the construction of the building, except to make the excavation, and the bankruptcy of the contractor resulted in a total abandonment of the contract. The trustee took possession of the cement that the bankrupt had received and refused the seller's demand for its return. In a proceeding to reclaim the property the referee in bankruptcy decided in favor of the trustee, and his ruling was confirmed by the District Court. The seller appeals.

[1] It seems evident that the sale in question was absolute, and not conditional. The contract imports an absolute sale and contains no reservation of title express or implied. Credit was not obtained by the misrepresentation of any existing fact, either as to the solvency of the purchaser or otherwise. The cement was sold on time because, as the active partner of appellant testifies:

"We had done business with Mr. Lucas [the manager of the bankrupt concern] previous, and always found him very prompt in paying his bills."

In short, the sole basis of the asserted right to reclaim was the failure, brought about by bankruptcy, to use the cement furnished in erecting the building for which it was procured. But the "representation" that it would be so used was, at most, a promise to be kept in the future, the breaking of which in the manner shown did not and could not affect the purchaser's title. Indeed, we deem it too plain for argument that the title to this cement passed with its delivery to the construction company, and thereafter became vested in the trustee by virtue of the Bankruptcy Act.

[2] Nor would it aid the appellant to treat the contract in question as conditional, since in that case it would be void as against creditors for want of record under the stringent provisions of section 3, c. 74, of the Code of West Virginia (sec. 3831). The decision in Hyer v.

Smith, 48 W. Va. 550, 37 S. E. 632, is conclusive upon this point, the syllabus reading as follows:

"To entitle a vendor of personal property to the benefit of the reservation of title as security for the purchase money thereof, as against creditors and purchasers, under section 3, c. 74, an agreement or contract must be made cotemporaneously with the sale, or before the delivery of possession of the property, between the vendor and vendee, that such reservation shall be made, and such reservation recorded."

It is sufficient to add that under the amendment of 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840, amending Act July 1, 1898, c. 541, § 47, 30 Stat. 557 [Comp. St. 1916, § 9631]):

The trustee of a bankrupt, "as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

In our judgment, the title of appellee to the cement in controversy is not open to dispute.

The decree appealed from is affirmed.